CITY OF ROCKLAND *vs.* MARY FARNSWORTH.

Knox. Opinion April 23, 1895.

*Debt. Penalty. Health Statute. R. S., c. 14, §§ 16, 33; c. 82, § 17.*

When a penalty is given to one or more persons, an action will lie for it in the name of those persons, although no express authority to sue for it is contained in the statute.

A civil action of debt may be maintained by towns to recover the forfeiture imposed by R. S., c. 14, § 16, for refusing to remove filth or other cause of sickness.

The declaration in such action must contain an allegation that the filth is a "cause of sickness," or it will be demurrable.

On EXCEPTIONS.

This was an action of debt to which the defendant's demurrer was sustained, and the plaintiff took exceptions to the ruling of the court.

*W. R. Prescott,* City Solicitor, for plaintiff.

*D. N. Mortland and M. A. Johnson,* for defendant.

Where a statute does not in terms declare in whose name a suit shall be conducted for the recovery of a penalty for its violation, the prosecution must be in the name of the state, no matter who may be entitled to the penalty or forfeiture. *Colburn* v. *Swett,* 1 Met. 232 ; *Drew* v. *Hilliker,* 56 Vt. 641 ; *Nye* v. *Lamphere,* 2 Gray, 295. The statute itself negatives the idea that it was the intention of the Legislature that the forfeiture might be recovered in a civil action of any kind. It provides that "All expenses thereof," viz : "The removal of the nuisance, shall be repaid to the town by such owner or occupant, or by the person or occupant, or by the person who caused or permitted it." Here is an express authority given the town to recover the expenses incurred in removing the nuisance. It was not the intention of the legislature to empower the town also to sue for the penalty provided, or it would have so enacted. The legislature certainly would not have provided for the recovery of the minor sum with no provision as to the major, if it intended that such penalty should be recovered in the same manner. *Brightman* v. *Bristol,* 65 Maine, 426 ; *Bangor* v. *Rowe,* 57 Maine, 436.

2. In penal actions the declaration must present a case strictly within the provisions of the statute, directly averring every essential fact, instead of leaving it to be gathered by argument or inference. *State* v. *Androscoggin R. R. Co.* 76 Maine, 411 ; *Barter* v. *Martin,* 5 Maine, 76 ; *Commonwealth* v. *Bean,* 14 Gray, 52.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J.   The city of Rockland seeks to recover by this action of debt the forfeiture of one hundred dollars imposed by the Health Statute (R. S., c. 14, § 16), for an offense alleged to have been committed in Rockland in violation of, that statute. The defendant demurred and has argued two objections to the declaration.

1. The defendant contends that the city of Rockland cannot maintain this action of debt, nor any other civil action, for this forfeiture, but must leave it to be recovered for the city's benefit by the State by indictment, inasmuch as the statute imposing the forfeiture does not provide for any civil action by Rockland or by anybody.   The statute (R. S., c. 14,) as a whole imposes various duties and expenses upon towns in the matter of preventing disease.   It requires the owners of private property to remove any filth, or other causes of sickness, existing on their property, and imposes this forfeiture of one hundred dollars for each neglect or refusal (§ 16).   It then requires the town in which such property is situate, to remove the filth, &c., in case the owner neglects or refuses, and it also gives to the town the forfeiture imposed upon the owner.   (§§ 16 to 33.)   It seems to be the clear intent of the legislature that each town should execute the statute within its limits; and, for that purpose, and as partial compensation for the expense, should have all the forfeitures imposed by the statute for offenses within the town.

But the town cannot have the full benefit of such forfeitures, unless it can itself sue for and recover them, without waiting for public officers whom it cannot control.   In giving to the town, in compensation for a local duty, the forfeiture resulting from a local offense giving rise to that duty, the legislature must be held to have given the right to recover the forfeiture by the customary form of action, otherwise the gift would be unavailing.   Such an interpretation of the statute is in accordance with the common law.   If a statute prohibit a thing under

a penalty, and prescribe no mode of recovery, an action of debt will lie at the suit of the party entitled to the penalty. 1 Arch. N. P. 347. When a penalty is given to one or more persons, an action will lie for it in the name of those persons, although no express authority to sue for it is contained in the statute. *Pres. and Coll. of Physicians* v. *Salmon,* 1 Ld. Raym. 682. In affirmation of this common law rule, our general statute of procedure (R. S., c. 82, § 17) enacts, that where no other mode of recovery is provided, an action of debt may be used to recover a penalty. The conclusion is that the city of Rockland can maintain an action of debt to recover this penalty imposed for its benefit.

II. The defendant also contends that the declaration is insufficient, because it is not alleged therein that the filth found upon the defendant's property is a "cause of sickness," as described in the statute. The declaration is open to this objection. No such allegation is found in it. True, the filth is declared to be a "menace to the public health of the people of said city of Rockland," but that is not the language of the statute. The statute is aimed at "causes of sickness." Filth upon private property may be a cause of sickness or may not. If it is, the owner of the property must remove the filth upon notice. If it is not, he cannot be required to remove it under this statute. That it is a "cause of sickness" is the occasion for its removal. That it is a "cause of sickness" should be alleged in the declaration for the penalty for non-removal. In actions for a penalty under a penal statute, strictness of allegation is required. The declaration must present a case strictly within the statute, directly averring every essential fact. *State* v. *Androscoggin Railroad Co*. 76 Maine, 411.

This declaration must be adjudged bad; but it may be amended upon the statute terms.

*Exceptions overruled.*